IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CASSIUS LEE JONES,**

    Petitioner,

v.                                                                             Civil Action No. **3:14CV338**

**UNKNOWN,**

    Respondent.

## MEMORANDUM OPINION

Cassius Lee Jones has submitted a motion asking for an extension of time in which to file a motion under 28 U.S.C. § 2254. Federal Courts, however, lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. *Gregory v. Bassett*, No. 3:07cv790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009) (citations omitted); *see United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (holding that no case or controversy existed before § 2255 motion was actually filed (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000))). Because a § 2254 petition did not accompany Jones's motion for an extension of time and because the motion did not contain any cognizable claims for habeas relief, Jones's motion for an extension of time (ECF No. 1) will be DENIED. *See Ramirez v. United States*, 461 F. Supp. 2d 439, 440–41 (E.D. Va. 2006) (citations omitted).

This action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to forward to Jones the form for filing a petition under 28 U.S.C. § 2254. Any § 2254 petition that Jones files must conform to the rules governing such motions and be sworn to under the penalty of perjury. *See* Rules Governing § 2254 Proceedings for the U.S. District Courts, Rule 2(c). Jones also is advised that § 2254 petitions are subject to a

one-year statute of limitations and a restriction against second or successive petitions. *See* 28 U.S.C. §§ 2244(b)(3), (d).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Jones is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate order will accompany this Memorandum Opinion.

And it is so ORDERED.

Date: 6/5/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge